IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLAZER'S WHOLESALE DRUG COMPANY, INC., ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-08-CV-0774-L |
| KLEIN FOODS, INC. | § § § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant Klein Foods, Inc. d/b/a Rodney Strong Vineyards has filed a motion for protective order and to stay discovery until the court rules on its pending Rule 12(b)(6) motion to dismiss. In support of its request for a stay, defendant argues that a favorable ruling on the motion to dismiss, which it characterizes as "clear cut," would dispose of plaintiffs' claims and make any discovery wholly unnecessary. (*See* Def. Mot. at 3). Defendant further argues that a stay will obviate the necessity of having to answer 51 separate document requests, many of which defendant believes are overly broad, irrelevant, and unduly burdensome. (*See id.* at 4-5). Because this case not set for trial until August 2009, with a discovery deadline of April 3, 2009, defendant maintains that a stay of discovery will not prejudice plaintiff or delay the proceedings.

A federal district court has discretion to stay discovery "for good cause shown." *Von Drake v. National Broadcasting Co.*, No. 3-04-CV-0652-R, 2004 WL 1144142 at *1 (N.D. Tex. May 20, 2004) (Kaplan, J.), *citing* Fed. R. Civ. P. 26(c). While discovery may be stayed pending the outcome of a motion to dismiss, "the issuance of [a] stay is by no means automatic." *Id., quoting Spencer Trask Software and Information Services, LLC v. RPost International Limited*, 206 F.R.D. 367, 368

(S.D.N.Y. 2002). In fact, such a stay is the exception rather than the rule. *See Ford Motor Co. v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887 at *1 (N.D. Tex. Apr. 24, 2008) (Kaplan, J.). As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss. Although the magistrate judge cannot predict the outcome of the motion, it is not as "clear cut" as defendant alleges. Moreover, in the Rule 26(f) status report filed by the parties on June 9, 2008, defendant did not even contemplate filing a motion to dismiss, much less request a stay of discovery pending the disposition of such a motion. (*See* Jt. Stat. Rep., 6/9/08 at 6, § II-C). In that report, defendant opposed the discovery schedule suggested by plaintiffs, citing the need for "extensive" discovery into the 20-year course of dealing between the parties and anticipated difficulties in scheduling depositions because of the unavailability of counsel, witnesses, and third parties. (*See id.* at 4, § I-F). For defendant to now suggest that there will be no delay or prejudice if all discovery is stayed for several months while the court considers its Rule 12(b)(6) motion is, at the very least, disingenuous. Nor is the court persuaded that discovery should be stayed because defendant objects to certain document requests. If plaintiffs wish to challenge objections asserted by defendant to written discovery, or defendant seeks a protective order on grounds other than a blanket stay of all discovery, the parties may file an appropriate motion with the court.

The magistrate judge is mindful of his prior opinion in *Von Drake*, wherein discovery was stayed pending the disposition of a Rule 12(b)(6) motion. However, that case can be easily distinguished on the facts. In *Von Drake*, a *pro se* plaintiff accused NBC and others of race

discrimination for failing to select him as a finalist for a singing competition produced by *The Today Show*. In reviewing the Rule 12(b)(6) motion, the magistrate judge determined that defendants had substantial arguments in favor of dismissal. *Von Drake*, 2004 WL 1144142 at *1. By contrast, the claims alleged by plaintiffs in the instant case are more sophisticated and the grounds for dismissal less clear cut. Unlike *Von Drake*, the magistrate judge cannot say with any degree of certainty that defendant likely will prevail on its Rule 12(b)(6) motion.

For these reasons, defendant's motion for protective order and to stay discovery [Doc. #17] is denied.[1]

SO ORDERED.

DATE: July 23, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Civil Justice Expense and Delay Reduction Plan adopted by this court provides that "[e]ach judge will continue to give priority to the monitoring and resolution of pending motions." Plan at § XI(2), *reprinted in* Texas Rules of Court--Federal at 284 (West Pamph. Supp. 2007). To eliminate undue delay and unnecessary expense to the parties in this and other civil actions, and because defendant has failed to establish "good cause" for staying discovery, the court decides the motion without a written response.