IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GLAZER'S WHOLESALE DRUG § 
COMPANY, INC., ET AL. §
 §
    Plaintiffs, §
 §
VS. § NO. 3-08-CV-0774-L
 §
KLEIN FOODS, INC. §
 §
    Defendant. §

## **MEMORANDUM ORDER**

Defendant Klein Foods, Inc. d/b/a Rodney Strong Vineyards ("RSV") has filed a motion to compel responses to requests for admission served on Plaintiffs Glazer's Wholesale Drug Company, Inc. and Glazer's Distributors of Louisiana, Inc. ("Glazer's). At issue are the following requests:

> Request No. 2:
> Admit that there is no signed writing stating that RSV would only terminate Glazer's for good cause in Louisiana/Texas.
>
> Request No. 3:
> Admit that there is no signed writing stating that RSV would only terminate Glazer's upon reasonable notice in Louisiana/Texas.
>
> Request No. 4:
> Admit that there was no oral agreement between RSV and Glazer's that Glazer's would only be terminated by RSV for good cause in Louisiana/Texas.
>
> Request No. 5:
> Admit that there was no oral agreement between RSV and Glazer's that Glazer's would only be terminated by RSV upon reasonable notice in Louisiana/Texas.

Subject to their objections that the requests are vague, ambiguous, premature, and require legal conclusions, plaintiffs responded that they lack sufficient information at this time to either admit or

deny the requests. Defendant counters that such a response is insufficient under the federal rules. The issues have been fully briefed by the parties in a joint status report filed on February 13, 2009, and the motion is ripe for determination.

Fed. R. Civ. P. 36 provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A)  facts, the application of law to fact, or opinions about either; and
>
> (B)  the genuineness of any described documents.

FED. R. CIV. P. 36(a)(1). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Upon proper motion, the court may determine the sufficiency of an answer to a request for admission. *See* FED. R. CIV. P. 36(a)(6). If the answer is insufficient, the court may either order the matter admitted, require the answering party to serve an amended answer, or defer a final decision "until a pretrial conference or a specified time before trial." *Id.*

The court rejects the first objection made by plaintiffs--that the requests are beyond the scope of discovery. In support of their objection, plaintiffs maintain that they have not sued for breach of an express contract--only for breach of an implied contract. However, under Texas law,[1] the elements of an implied contract are the same as those of an express contract. "The only difference

---

[1] In its Rule 12(b)(6) motion to dismiss, defendant argues that Texas law applies in this diversity case. (*See* Def. Br. at 3 n.2).

between the two is that, in an express contract, the mutual assent of the parties is expressly stated, whereas in an implied contract, the assent must be inferred from the circumstances of the transaction." *Leal v. Weightman*, No. 01-03-01006-CV, 2004 WL 2251570 at *3 (Tex. App.-- Houston [1st Dist] 2004, no pet.), *citing University Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App.--San Antonio 1989, no writ). In their petition, plaintiffs allege that an essential term of the implied contract between the parties, which arose through "their course of dealing and mutual understanding," was that RSV would not terminate Glazer's right to distribute products in Texas and Louisiana absent good cause or without reasonable notice. (*See* Plf. Orig. Pet. at 9, ¶ 6.2). The matters specified in Request Nos. 2, 3, 4 & 5 are clearly relevant to a "party's claim or defense," and thus within the scope of Rule 26(b)(1).

Notwithstanding the unquestionable relevance of these requests, the court will allow plaintiffs to defer their answers at this time. In order to determine whether there are any writings or oral agreements that prohibit defendant from terminating its relationship with plaintiffs without "good cause" or "reasonable notice," plaintiffs will have to review all purchase orders, invoices, and other communications between the parties. This task may require some additional time. However, plaintiffs should be able to complete the discovery necessary to either admit or deny these requests in the next 30 days. That leaves another 30 days for defendant to conduct any follow-up discovery before the discovery deadline expires on April 17, 2009.

Accordingly, defendant's motion to compel responses to requests for admission [Doc. #44] is granted. Plaintiffs shall serve amended answers to Request Nos. 2, 3, 4 & 5 by **March 17, 2009**. The amended answers shall either admit or deny the matters stated in the requests, or state in detail why plaintiffs cannot truthfully admit or deny such matters.

SO ORDERED.

DATED: February 17, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE